# Federal Agencies Use of Volunteer Services Provided by Individuals and Organizations Under Proposed Legislation

Proposed legislation authorizing federal agencies to accept voluntary services from individuals and non-profit organizations would present potential conflicts with statutory requirements that certain activities must be conducted by government employees authorized to act on behalf of the United States.

The performance of services for federal agencies by volunteers raises especially significant concerns in terms of federal conflict of interest laws. Although voluntary service legislation may exempt volunteers from the coverage of those laws, the use of volunteers to perform government services could raise the very opportunities for self-dealing and abuse of position that the conflict of interest laws are intended to prevent.

August 23, 1985

MEMORANDUM OPINION FOR THE ACTING ASSISTANT ATTORNEY GENERAL, OFFICE OF LEGAL POLICY

This memorandum provides the comments of the Office of Legal Counsel on H.R. 1993, the "Volunteering in Government Act of 1985." This proposed legislation would authorize federal agencies to accept the volunteer services of individuals and non-profit organizations to carry out certain activities of such agencies, notwithstanding the Anti-Deficiency Act, 31 U.S.C. § 1342. H.R. 1993, § 4(a)(1).[1] Use of unpaid volunteers would be without regard to the provisions of title 5, United States Code, governing appointments in the competitive service. *Id.*[2] The bill further provides that volunteers shall not be considered officers or employees of the federal government nor subjected to any provision of law relating to federal employment, except that volunteers shall be considered federal employees for purposes of tort claims and workers' compensation. *Id.*, § 4(b)(1), (2).

This Office supports the concept of voluntary government service. However, we believe that several legal questions must be resolved before we can recommend that the Administration endorse this proposed legislation. In our view,

---

[1] The Anti-Deficiency Act provides: "An officer or employee of the United States Government or of the District of Columbia government may not accept voluntary services for either government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. This prohibition has been interpreted to permit the acceptance of volunteers under certain circumstances. *See* 30 Op. Att'y Gen. 51, 52 (1938).

[2] H.R. 1993 apparently would also override the principle that individuals may not waive a salary for which Congress has set a minimum. *See, e.g., Glavey* v *United States*, 182 U.S. 595 (1901.) Most federal positions are covered by the General Salary Schedule. *See* 5 U.S.C. §§ 5101–5115. Although this fixed salary schedule actually exempts persons who serve "without compensation," *id.* § 5102(c)(13), the policy underlying the schedules has been read to counsel against the use of volunteers to accomplish tasks that would ordinarily be performed by employees covered by the schedule.

74

certain government activities may not be suitable or lawful for volunteers to perform. In addition, H.R. 1993 appears to exempt volunteers from the federal conflict of interest statutes. As we discuss below, such an exemption could frustrate the purpose of those statutes in many instances.

First, there are numerous activities that must be conducted by government employees authorized to act on behalf of the United States. We doubt, for example, as a constitutional matter, whether an individual who is not a government employee could undertake a federal criminal prosecution, sign a contract on behalf of the United States government, or take personnel actions regarding other federal employees. *See generally Buckley* v. *Valeo*, 424 U.S. 1, 118–43 (1976) (per curiam). In addition, there are various statutory restrictions. For example, access to agency records by non-employees would be restricted by the Privacy Act. *See* 5 U.S.C. § 552a(b)(1) (permitting disclosure of certain agency records to "officers and employees" having a need for the record in the performance of their duties). The government employment status of volunteers is a significant factor in their ability to participate in government matters.

Second, we are particularly concerned about the application of the conflict of interest provisions of Title 18 to volunteers under this bill. Section 4 of the bill provides that volunteers shall not be deemed to be federal employees except for purposes of tort liability and workers' compensation. One effect of § 4 would be to exempt volunteers from the criminal laws and existing agency regulations dealing with employee conduct, in particular the conflict of interest laws.[3] The use of non-employee volunteers, however, could raise precisely the sort of opportunity for self-dealing and abuse of governmental position that the federal conflict of interest laws are intended to prevent.

We believe that Congress should expressly limit the use of volunteers to positions regarding which employee conduct rules have less significance or provide for adherence to conflict of interest principles. We would urge that the application of conflict of interest provisions be made explicit. In addition, Congress should address the extent to which volunteers from non-profit organizations, *see* H.R. 1993, § 4(a)(2), must conform to conflict of interest laws, and whether H.R. 1993 prohibits an agency from imposing its own restrictions on the use of volunteers or from making them subject to the agency's own standards of conduct.[4] Congress should clarify H.R. 1993 in these and other respects before the Administration takes a position in support of this legislation.

RALPH W. TARR
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[3] Currently, volunteers who perform government functions generally are considered to be "employees" of the government for purposes of the conflict of interest laws. *See* Federal Personnel Manual, Appendix C; Memorandum from J. Jackson Walter, Director, Office of Government Ethics, to Heads of Departments and Agencies of the Executive Branch, Re: "Members of Federal Advisory Committees and the Conflict of Interest Statutes" (July 19, 1982). This bill appears specifically crafted to change this view of volunteers.

[4] As the bill is now drafted, we would not interpret it to prohibit an agency from imposing its own restrictions on the use of volunteers or from making them subject to the agency's own standards of conduct.